In the Matter of the Claim of JOHN R. DUNCAN, Respondent, against ODORA COMPANY et al., Appellants, and AGGREGATE TRUST FUND, STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from a remarriage award made to a dependent widower, pursuant to subdivision 1-b of section 16 of the Workmen's Compensation Law. Claimant's wife died in 1945, as the result of an industrial accident, and an award was made to claimant for partial dependency, the value of which was subsequently computed and paid into the Aggregate Trust Fund, pursuant to the provisions of section 27 of the Workmen's Compensation Law. At that time evidence was presented indicating that claimant had been substantially unemployed for some time due to his physical condition, although there was medical testimony to the effect that he was able to do light work. In 1947 claimant remarried and the case was reopened for consideration of a remarriage award in accordance with subdivision 1-b of section 16 of the Workmen's Compensation Law. It then developed that claimant had been regularly employed from December 3, 1946, to February 18, 1948. No medical evidence was introduced to indicate whether or not the physical condition which resulted in the original finding of dependency had been alleviated. However, the claimant testified that he was undergoing medical treatment, that he lost his job and had not worked since February 18, 1948, due to his physical condition, and that he had been hospitalized on at least two occasions. On the basis of this evidence the board has found as a fact that claimant was still partially dependent at the time of his remarriage and hence, was entitled to a remarriage award. We cannot say that there is no substantial evidence to support this finding, nor are we of the opinion that claimant's period of regular employment *ipso facto* terminated his dependency as a matter of law. Since the modification of the original award resulted from claimant's remarriage and not from any termination of his dependency, carrier is not entitled to a refund from the Aggregate Trust Fund. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.